IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

FILED

2:53 pm, 2/28/12

Tim J. Ellis
Clerk of Court

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| QUENTIN STANISLAUS HOPKINS and LENNA KAE HOPKINS, | ) ) ) | Case No. 11-20027 Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| WILLIAM D. FARRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 11-2012 |
| | ) | |
| QUENTIN STANISLAUS HOPKINS, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On February 9, 2012, this matter came before the court for a hearing on the Motion for Summary Judgment filed by William D. Farrell ("Plaintiff") and the response filed by Quentin Stanislaus Hopkins ("Defendant").[1] The court, having considered the record, counsels' arguments, Plaintiff's motion and memoranda in support, and the Defendant's response, shall grant the motion.

**Jurisdiction**

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. §157 (b)(2)(A) and

---

[1] For purposes of clarity and consistency, Mr. Farrell is known as the Plaintiff and Mr. Hopkins is known as the Defendant in both the Colorado state court action and this adversary proceeding. The Colorado court action involved other defendants that are not involved in the bankruptcy case.

(I). This motion is brought under Fed. R. Civ. P. 56, made applicable in adversary proceedings by Fed. R. Bankr. P. 7056. The adversary proceeding was commenced under 11 U.S.C. § 523(a)(2), and (6).[2]

**Facts**

The undisputed facts reflect that the Plaintiff and Defendant entered into a business agreement. The business relationship deteriorated, the parties went their separate ways. Nearly a year later, Plaintiff filed a Complaint in the District Court, County of Arapahoe, State of Colorado ("Colorado Complaint") alleging several claims including, as relevant to the matter before the bankruptcy court: Claim 4 - Theft; Claim 6 - Deceit; and Claim 7 - Assault.

The Colorado Complaint was filed on June 4, 2009. At that time, the Defendant was represented by counsel and filed an Answer on or about July 9, 2009. The parties began the discovery process preparing for trial, whereas Defendant's counsel provided responses that were unsigned by the Defendant. Nearly one year after the complaint was filed, Defendant's attorney moved to withdraw as counsel, alleging:

> "...Counsel has been unable to effectively communicate with the defendants which has prevented counsel from finalizing discovery responses due Plaintiff in this matter."

On July 19, 2010, the Colorado court entered its Order Allowing Withdrawal of Counsel. The Defendant did not retain substitute counsel and appears to have stopped participating in the litigation.

---

[2] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

On October 15, 2010, the Colorado court entered the Order on Plaintiff's Motion to Compel under CRCP 37(a) and Deeming Admissions Made under CRCP 36(a). The Order required the Defendant to answer the interrogatories, produce documents, deemed all requests for admissions as admitted and awarded reasonable attorney's fees as sanctions for Defendant's willful failure to engage in discovery. Thereafter, the Plaintiff filed a Motion for Declaratory Judgment and Summary Judgment. The Defendant failed to respond. The Colorado court entered its Order re: Plaintiff's Motion for Declaratory Judgment on November 10, 2010 ("November 10, 2010 Order"), and its judgment for money damages on January 11, 2011, (collectively referred to as the "Colorado Judgments").

The November 10, 2010 Order reflects that the Defendant did not file any response to Plaintiff's motion for declaratory judgment and summary judgment. The Colorado court specifically found,

> "...the Colorado Court of Appeals has held that "[b]ecause of the drastic nature of summary judgment, provision under §1-15 concerning confessions of motions are inapplicable to motions for summary judgment. *Seal v. Hart*, 755 P.2d 462 (Colo. App. 1988). Therefore...Plaintiff's Motion for Summary Judgment may not be deemed confessed...However, on October 15, 2010, this Court did issue an Order in which defendants were instructed to comply with certain discovery request, and in that Order the Court also found that because Defendants had not complied with discovery procedures, all Plaintiff's Requests for Admissions were deemed admitted under C.R.C.P. 36(a), which provides that a matter is deemed admitted "unless, within thirty days after service of the requests...the party to who the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter...."

The Colorado court then lists the facts that are deemed admitted by the Defendant.

Page 3

The Debtors filed for Chapter 7 bankruptcy protection on January 12, 2011. The Plaintiff filed his Complaint to Determine Dischargeability of a Debt on April 11, 2011, requesting that the bankruptcy court declare the amount of $190,147.96 as non-dischargeable.

**Discussion**

The issue is whether summary judgment is appropriate for this court to find that the Colorado Judgments represent debts that are non-dischargeable under (1) §523(a)(2) as money obtained by false representation or actual fraud; and, (2) §523(a)(6) for willful and malicious injury to the Plaintiff when applying collateral estoppel.

Specifically, the Plaintiff alleges that collateral estoppel is applicable so that the Colorado Judgments entered regarding Claims Four and Six for theft and deceit, respectively, included monies wrongfully obtained by Defendant by false representations and actual fraud should not require re-litigation and should not be discharged. Additionally, the Plaintiff alleges that the judgment entered regarding Claim Seven for Assault was identical to a willful and malicious injury to the Plaintiff and should not be relitigated nor discharged in the bankruptcy proceeding. The Defendant argues that the matter was not fully and fairly litigated in the Colorado court and collateral estoppel is not applicable.

The United States Supreme Court held that collateral estoppel principles apply in bankruptcy cases and can be used in non-dischargeability actions to prevent re-litigation

of issues already decided.[3] Where the issue was previously litigated under state law, a bankruptcy court applies the law of collateral estoppel of the relevant state.[4] The full faith and credit principles of 28 U.S.C. § 1738 require the bankruptcy court to give effect to the state court judgment.[5]

As stated above, the previous action occurred in the State of Colorado. Therefore, this bankruptcy court considers Colorado law to determine whether or not collateral estoppel applies. "When federal courts are called upon to interpret state law, they must look to rulings of the highest state court, and if no such ruling exists, must endeavor to predict how the high court would rule."[6]

This court is familiar with collateral estoppel and Colorado law in its decision in *Shimp v. MacFarland*.[7] Relying upon the Colorado court's analysis and holding, this court found that in that case the doctrine of collateral estoppel did not apply to bar re-litigation of the action in the *Shimp* case, finding that the record from the previous case did not show that the court developed findings of fact to support the conclusions that it reached. This court found that the matter had not been actually litigated.[8]

---

[3] *Grogan v. Garner*, 498 U.S. 279 (1991).

[4] *Hagen v. McNalle*, 62 F.3d 619 (4th Cir. 1995).

[5] *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75 (1984).

[6] *Lovell v. State Farm Mutual Automobile*, 466 F.3d 893 (10th Cir. 2006).

[7] *Shimp v. MacFarland*, Case No. 07-20522, Adv. No. 07-2059 (Bankr. D. Wyo., May 2, 2008).

[8] *Bebo Construction Co. v. Mattox & O'Bren, P.C. et al*, 990 P.2d 78 (Colo., 1999).

The Colorado court stated that collateral estoppel bars re-litigation of an issue if: (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits of the prior proceeding; and, (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.[9] The burden of establishing these elements rests with the party seeking preclusion.[10]

(1) <u>The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding.</u>

In the pending case, the bankruptcy court first considers: (1) whether the claims of civil theft and deceit are identical to obtaining money by "false pretenses, a false representation or actual fraud;"[11] and, (2) whether civil assault is identical to "willful and malicious injury by the debtor to another entity or to the property of another entity."[12]

In considering whether the claims of civil theft and deceit are identical to the false pretenses, false representation or actual fraud under § 523(a)(2), the court compares the Colorado statutes and law and the Bankruptcy Code. The November 10, 2010 Order

---

[9] *Bebo* at 84. *Rantz v. Kaufman*, 109 P.3d 132, 139(Colo. 2005); *Stanton et al. v. Schultz*, 222 P.3d 303 (Colo. 2010).

[10] *Bebo* at 85.

[11] §523(a)(2).

[12] §523(a)(6)

entered a judgment against the Defendant for theft. Under Colorado law, the owner of property can bring a civil action for damages against a person who obtained the property by theft.[13] A person commits theft when he or she knowingly obtains or exercises control over anything of value of another without authorization, or by threat deception, and intends to deprive the other person permanently of the use or benefit of the thing of value.[14]

The tort of deceit is also referred to as fraudulent misrepresentation and consists of the act of making a willfully false statement with the intent that the other party shall act in reliance on it and with the result that he does rely and suffers harm. The elements are: "(1) an intentional misrepresentation (2) of fact or opinion (3) that is material and (4) intended to induce and (5) does induce reasonable reliance by the party, (6) proximately causing pecuniary harm to the person."[15]

In order to except a debt from discharge based on false pretenses or false representation, the creditor must establish all of the following elements: (1) the debtor made a false representation or omission of fact; (2) that the debtor (a) either knew to be false or made with reckless disregard for its truth and (b) made with an intent to deceive; and (3) the creditor justifiably relied on the false representation.

---

[13] Colo. Rev. Stat. §18-4-405 (2011).

[14] *Steward Software Company, LLC v. Kopcho,* 266 P.3d 1085 (Colo. 2011).

[15] 2 Dan B. Dobbs, *The Law of Torts, Practitioner Treatise Series* § 470 Fraudulent Misrepresentations: Elements and Burdens.

Upon comparing the elements, this bankruptcy court finds that the elements of the torts of civil theft, deceit are identical to the elements of false pretenses or false representation. The Colorado court relying on the Defendant's deemed admissions, entered its judgment against the defendant for theft and deceit. As the elements are identical, this court finds that the issues were actually litigated by the previous court.

The court must conduct the same analysis to determine if the claim of civil assault is identical to willful and malicious injury. The intentional tort of assault requires that the act be done for the purpose of bringing about a harmful or offensive contact...to another or to a third person or with knowledge that such a result will, to a substantial certainty, be produced by his act."[16] Under § 523(a)(6) the "meaning of the term 'willful' modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. This definition represents a very narrow reading of 'willful' requiring a deliberate injury akin to that needed to establish an intentional tort."[17] The elements of willful and malicious injury are identical as the elements to establish an intentional tort of assault. The Colorado court entered its judgment and order against the Defendant on the tort of assault, based upon the Defendant's deemed admission that he assaulted the Plaintiff.

---

[16] *White v. Muniz*, 999 P.2d 814 (Colo. 2000) citing Restatement (Second of Torts) §18 cmt. e.(1965).

[17] *In re Gagle*, 230 B.R. 174 (Bankr. Utah 1999), citing *Kawaauhau v. Geiger (In re Geiger)*, 118 S. Ct 974 (1998).

This bankruptcy court finds that as the elements are identical, the issue was actually litigated.

The second part of the analysis to this element requires the court to determine if the issue to be precluded was necessarily adjudicated in the prior proceeding. An issue is necessarily adjudicated when a determination on that issue was necessary to a judgment. This court's review of the Colorado Judgments reflect that the issues of civil theft and deceit were raised by the Plaintiff through his pleading, the Defendant filed an answer, and responses to discovery, the issues were submitted to the judge for determination by Plaintiff's motion for a declaratory judgment and summary judgment, and that the issues were determined by the Colorado court in the November 10, 2010 Order and a judgment entered. The bankruptcy court finds that these issues were necessarily adjudicated by the Colorado court.

In conclusion this bankruptcy court finds that the first element for the application of collateral estoppel is met.

(2) <u>The party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding</u>.

The parties do not dispute that the Defendant was one of the parties in the Colorado action and the party against whom estoppel is sought.

(3) <u>There was a final judgment on the merits of the prior proceeding</u>.

The Defendant did not argue that there was not a final judgment on the merits of the prior proceeding. Counsel argued that Defendant's failure to participate after his

Page 9

attorney was allowed to withdraw, was attributed to the circumstances of the Defendant's alcoholism and that the business was failing. The Defendant did not see any reason to continue to litigate in the Colorado court. The court finds that the Colorado Judgments reflect findings of fact and conclusions of law that indicate that there was a final judgment on the merits of the proceeding.

(4) <u>The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.</u>

The Colorado Supreme Court determined that an inquiry into whether a party received a full and fair opportunity to litigate an issue, requires the court to look to whether the initial proceeding was so inadequate or so narrow in focus as to deprive an individual of his or her due process right in applying the doctrine of collateral estoppel to bar re-litigation of that issues.[18] Factors that are determinative of whether an individual received a full and fair opportunity to litigate include: whether the remedies and procedures of the first proceeding are substantially different from the proceeding in which collateral estoppel is asserted; whether the party in privity with the party against whom collateral estoppel is sought had sufficient incentive to litigate vigorously and the extent to which the issues are identical.[19] The Tenth Circuit Bankruptcy Appellate Panel held that where a default judgment was taken pre-petition in state court based upon the

---

[18] *Bebo* at 87.

[19] *Bebo* at 88.

debtor's participation in the state court lawsuit by filing an answer and participating in discovery but failing to appear at a jury trial, the bankruptcy court did not abuse its discretion by finding that the issue before the state court had been actually litigated and that the debtor had a full and fair opportunity to litigate the issue in the prior adjudication.[20]

This court previously found that the issues are identical. Furthermore, the Defendant participated with the assistance of counsel through part of the discovery process. It was the Defendant's failure to respond to his own attorney's requests and later, requests from the Plaintiff that precipitated the deemed admissions and the entry of the order on summary judgment by the Colorado court. At the hearing before this court, Defendant's counsel stated that due to the Defendant's personal and business problems, he had "no incentive to litigate" [in Colorado.]. The Defendant was provided sufficient incentive to participate in the Colorado action but chose not to. The Colorado court determined liability and damages. The pending adversary proceeding in the bankruptcy court would also be to determine liability and possible damages. The proceedings are not substantially different. Therefore, the court finds that the Defendant had a full and fair opportunity to litigate the issues in the Colorado court.

The court finds that all the elements for the application of collateral estoppel have been met barring re-litigation of the issues.

---

[20] *In re Corey*, 394 BR. 519 (10th Cir. BAP 2008) affirmed by *Mellor, Inc. v. Corey, (In re Corey)*, 2009 U.S. App. LEXIS 21463 (10th Cir., Sept. 20, 2009).

Summary Judgment

A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file and any affidavits show that there is not a genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[21] The Court should determine what facts are not genuinely at issue by examining the pleadings and evidence before it and by interrogating the attorneys. The Court should issue an order specifying what facts, including items of damages or other relief, are not genuinely at issue.[22] Under Rule 56(c) summary judgment is proper only if the evidence, reviewed in the light most favorable to the party opposing the motion, demonstrates no genuine issue of any material fact.[23] A material fact is one that could affect the outcome of the suit, and a genuine issue is one where the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[24] The court views the evidence in light most favorable to the nonmoving party, but that party cannot rest on the mere allegations in its pleadings and must come forward with evidence to raise a genuine issue.[25]

---

[21] *Hardy v. SF. Phosphates Ltd., Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999).

[22] Fed. R. Civ. P. 56.

[23] *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 976 (10th Cir. 1995).

[24] *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1134 (10th Cir. 1994).

[25] *Id.*

The Plaintiff requests that its claim in the amount of $190,147.96 not be discharged under §523(a)(2) and (6).

Section 523(a)(2)

The Bankruptcy Code provides that a debtor obtaining money by false pretenses, a false representation or actual fraud is excepted from discharge. The elements that a creditor must establish are: (1) the debtor made a false representation or omission of fact; (2) that the debtor (a) either knew to be false or made with reckless disregard for its truth or (b) made with an intent to deceive; and (3) the creditor justifiably relied on the false representation. This bankruptcy court determined that in the prior litigation the Colorado court entered its judgment against the defendant for the claims of civil theft and deceit based upon material facts for all the claims had previously been deemed admitted and no genuine issues of material fact remain. Finding that the elements are identical, the bankruptcy court finds that the elements of obtaining money by false pretenses, a false representation or actual fraud excepted from discharge awarded damages regarding these allegations. The bankruptcy court finds that the Colorado court entered its judgment for money damages for theft and Deceit in the amounts of $99,000.000 and $33,000.00, respectively.[26]

Section 523(a)(6)

The Bankruptcy Code excepts from discharge debts for willful and malicious injury by the debtor to another person. Again, this bankruptcy court determined that

---

[26] The money judgment represents the award of treble damages on the Claim Four pursuant to C.R.S. § 18-4-405.

Page 13

in the prior litigation, the Colorado court entered its judgment against the defendant for the claim of civil assault based upon the Defendant's deemed admissions and no genuine issues of material fact remain. Finding that the elements are identical, the court finds that the elements of willful and malicious injury by the Debtor to the Plaintiff, by his admission of assaulting the Plaintiff is grounds for excepting the award damages from discharge. The Colorado court awarded money damages in the amount of $50,000.00. Additionally, the Colorado court awarded attorney's fees and costs in the total amount of $8,147.96.

The Plaintiff was also awarded money damages in the Colorado court for Breach of Contract in the amount of $25,022.20, which is not a part of this adversary proceeding to determine dischargeability.

The bankruptcy court reviewed the Defendant's response to the motion for summary judgment. The Defendant argues that during the time that the Colorado litigation was pending, his personal problems involving alcohol and his spouse kept him from participating in the state court action. The Defendant now argues that he is well enough to participate. The Defendant also argues that the awarded judgments might be "groundless or "excessive."

The Defendant's assertions do not provide the court with any genuine issues of material fact that require litigation. It appears that the Defendant does not like the results determined by the Colorado court and now wants a "second bite at the apple." The bankruptcy court, having reviewed the pleadings and arguments of the parties in the light

most favorable to the Defendant, does not find that there are any genuine issues of material fact. The court finds that the Plaintiff is entitled to a judgment as a matter of law and the debts owed to the Plaintiff pursuant to §§ 523(a)(2) and (6) are nondischargeable.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 28 day of February, 2012

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Felix Sowada
    Russell Rowe
    Guy Cleveland